UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
NEW LAND INTERIORS CORP.,                          Civil Action No.:

                              Plaintiff,

             - against -                          **COMPLAINT FOR DECLARATORY JUDGMENT**

KINSALE INSURANCE COMPANY

                              Defendant.
---------------------------------------------------------------------------X

      Plaintiff, New Land Interiors Corp. ("New Land"), by its attorneys, Chartwell Law, as and for its complaint against defendant, Kinsale Insurance Company ("Kinsale"), respectfully alleges, upon information and belief, the following:

## NATURE OF THE ACTION

      1.    Plaintiff seeks: (i) a judgment declaring that Kinsale is obligated to defend and indemnify it in the underlying action commenced by Maritza M. Artiles a/k/a Maritza Recio, individually and as Administrator for the Estate of Juan Artiles (the "Artiles Action"), on a primary and non-contributory basis; and (ii) reimbursement of all costs and expenses incurred to defend the Artiles Action.

## JURISDICTION AND VENUE

      2.    At all times hereinafter mentioned, New Land is a domestic business corporation organized and existing under the laws of the State of New York, with its principal place of business located 551 Fifth Avenue, 3rd Floor, New York, New York.

      3.    At all times hereinafter mentioned, New Land is duly authorized to conduct business within New York.

4.      At all times hereinafter mentioned, Kinsale is an insurance company organized under the laws of the State of Virginia, with its principal place of business located at 2035 Maywill Street, Suite 100, Richmond, Virginia.

5.      At all times hereinafter mentioned, Kinsale is duly authorized to conduct business within the State of New York.

6.      At all times hereinafter mentioned, Kinsale conducted and carried on business in the State of New York.

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (a) by reason of the diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000 exclusive of costs.

8.      Venue is appropriate in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391.

## SUBSTANTIVE ALLEGATIONS

9.      Maritza M. Artiles commenced the Artiles Action individually and in her capacity as the Administrator of the Estate of Juan Artiles against Macklowe Properties, Macklowe Management, Inc., JT Magen & Company, Inc. ("JT Magen"), Creative Environmental Solutions Corp. ("Creative"), New Land, and Medco Plumbing Inc. ("Medco" or collectively the "Underlying Defendants") by filing a summons and complaint in the Supreme Court of the State of New York, New York County, on or about November 22, 2022. The Artiles Action is proceeding under Index No. 160039/22.

10.     In the Artiles Action, Artiles alleges that Macklowe, JT Magen, Creative, New Land and Medco owned, managed, maintained, controlled, and operated the premises located at One Wall Street, New York, New York (the "Premises").

11. Artiles also alleges that on December 13, 2019, Juan Artiles sustained personal injuries when he fell from a ladder during the course of his employment for Millennium Services LLC ("Millennium") while performing labor law protected construction work at the Premises.

12. In the Artiles Action, Artiles alleges that the Underlying Defendants were negligent in the maintenance, control, operation, performance and supervision of the construction work performed on the Premises and failed to provide Juan Artiles with a safe place to work in violation of Labor Law §§200, 240(1) and 241(6).

13. Macklowe Properties, JT Megan, and Medco commenced a third-party action against Millennium by filing a third-party complaint on April 4, 2023. The third-party complaint avers that Juan Artiles' accident arose out of Millennium's negligence and asserts causes of action for contractual indemnification and breach of contract for the failure to procure insurance.

14. Prior to date of Juan Artiles' accident, New Land and Millennium entered into a to Purchase Order No. 50031 (the "Millennium Purchase Order"), whereby Millennium agreed to provide structural demolition work at the Premises. The Millennium Purchase Order obligated Millennium to procure commercial general liability insurance and to name New Land as an additional insured under its commercial general liability policy on a primary and non-contributory basis.

## AS AND FOR A FIRST CLAIM FOR RELIEF

15. New Land repeats and reiterates the allegations contained in paragraphs "1" through "14" as if fully set forth herein.

16. Upon information and belief, Millennium complied with its obligation under the Millennium Purchase Order, in part, by obtaining commercial general liability policy from Kinsale.

17. Upon information and belief, Kinsale issued and delivered to Millennium a commercial general liability policy, bearing policy number 0100098887-0, which was effective from October 21, 2019 through October 21, 2020 (the "Kinsale Policy").

18. New Land qualifies as an insured or additional insured under the Kinsale Policy.

19. By correspondence dated December 20, 2022, New Land's defense and indemnity of the Artiles Action was tendered to Kinsale based on its status as an insured or additional insured under the Kinsale Policy.

20. Kinsale has refused to defend and indemnify New Land.

21. New Land hereby seeks a declaration requiring Kinsale to defend and indemnify it on a primary and noncontributory basis in the Artiles Action up to the limits of the Kinsale Policy.

22. New Land has no adequate remedy at law.

## AS AND FOR A SECOND CLAIM FOR RELIEF

23. New Land repeats and reiterates the allegations contained in paragraphs "1" through "22" as if more fully set forth herein.

24. As a result of Kinsale's failure to acknowledge its primary duty to defend New Land, New Land has incurred substantial attorney's fees and other costs to defend itself in the Underlying Action.

25. As a result of the foregoing, New Land is entitled to a money judgment against Kinsale in an amount equal to what it has incurred to defend the Underlying Action, in an amount to be determined by the Court.

**WHEREFORE**, New Land demand judgment as follows:

a. On the first claim for relief, a judgment declaring that Kinsale Insurance Company is required to defend and indemnify New Land under the Kinsale Policy on a primary and noncontributory basis in the Underlying Action;

b. On the second claim for relief, a money judgment in favor of New Land in an amount to be determined by the Court; and

c. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 24, 2025

**CHARTWELL LAW**

By: _____
Matthew Kraus
*Attorneys for Plaintiff*
*New Land Interiors Corp.*
One Battery Park Plaza, Suite 710
New York, New York 10004
(212) 968-2300
mkraus@chartwelllaw.com